James S. Brander, and Hugh L. M'Kenna, Plaintiffs in error, *v.* William E. Phillips, and Henry Bell, trading under the firm of William Phillips and Company, and Rodah Horton, and Nathaniel Terry, Defendants in error.

B. and M'K., merchants at New Orleans, were the factors of P. and Company of Huntsville, Alabama, and made advances on cotton shipped to them. In August, 1834, P. and Company were indebted to B. and M'K., one thousand three hundred and fifteen dollars; and Williams, the agent of B. and M'K., agreed with P, and Company, that B. and M'K. would advance eight thousand dollars on bills to be drawn between the 20th of April, and the 31st of July, 1835, by P. and Company, and any two of six persons named, among whom were Horton and Terry, two of the defendants in this suit. Before July 31st, 1835, several shipments of cotton were made to B. and M'K., by P. and Company, and several bills were drawn by them jointly with Horton and Terry, and by others without them; all of which were accepted by B. and M'K. These bills, with the advances before made, amounted to twenty-nine thousand seven hundred and ninety-five dollars, and the proceeds of the shipments were twenty-two thousand four hundred and sixty dollars. B. and M'K. applied these proceeds to the liquidation of the bills drawn by P. and Company, to the exclusion of those drawn by them jointly with Horton and Terry; and, as these bills exceeded the proceeds of the cotton, they brought an action on a bill drawn June 4th, 1835, by P. and Company, and Horton and Terry, amounting to three thousand dollars. The Circuit Court instructed the jury, that if they believed from the evidence, that at the maturity of the bill, B. and M'K. had sufficient funds of P. and Company to pay the bill, and Horton and Terry to be accommodation drawers, and securities only, then, in the absence of any instructions from P. and Company in regard to the application of the funds, B. and M'K. were bound to apply them to pay the bill, and could not hold them to pay a bill drawn on them by P. and Company only, which had been accepted by them, and was not then due. Held, that the instructions of the Circuit Court were correct.

When a factor makes advances, or incurs liability on a consignment of goods, if there be no special agreement, he may sell the property in the exercise of a sound discretion, according to general usage, and reimburse himself out of the proceeds of the sale, and the consignor has no right to interfere. The lien of the factor for advances and liabilities incurred, extends not only to the property consigned, but, when sold, to the proceeds in the hands of the vendee, and the securities therefor in the hands of the factor.

The acceptors of the bill of exchange having, when the bill became due, funds of the drawers in their hands sufficient to pay the same, the liability of the accommodation drawers was as completely discharged, on the payment of the bill, as that of the principals.

IN error to the Circuit Court of the United States for the district of South Alabama.

The case, as stated in the opinion of the Court, was as follows:

"Brander and M'Kenna, in 1833, 1834, 1835, were commission merchants at New Orleans, and acted as factors and agents for William E. Phillips and Company, of Huntsville, Alabama, in the sale of cotton, and made advances thereon. On all sales they were to receive two and a half per cent. for commission, and the same amount for advances.

In August, 1834, Phillips and Company were indebted to Brander and M'Kenna, in the sum of one thousand three hundred and fifteen dollars and fifty-seven cents, for advances. On the 15th of the same month, John Williams, agent for Brander and M'Kenna, agreed to advance Phillips and Company the sum of eight thousand dollars on bills, to be drawn between the 20th of April, and the 31st July, 1835, by them, and any two of six persons named; among whom were. R. Horton, and N. Terry, two of the defendants in error.

Between the 15th of August, 1834, and the 31st of July, 1835, several shipments of cotton were made to the plaintiffs by the defendants; and several bills were drawn by them, some jointly with Horton and Terry, and others without them; all of which were accepted by the plaintiffs.

These bills, including the advances previously made, amounted to the sum of twenty-nine thousand seven hundred and ninety-five dollars and sixty-five cents. The proceeds of the shipments of cotton to meet these advances, amounted to the sum of twenty-two thousand four hundred and sixty dollars and forty-three cents.

The plaintiffs applied the proceeds of the cotton to the liquidation of the bills drawn by Phillips and Company, to the exclusion of those drawn by them jointly with Horton and Terry; and as the acceptances exceeded the proceeds of the cotton, this action was commenced on a bill due 4th June, 1835, for three thousand dollars drawn by the defendants.

On the trial, the Court instructed the jury that, if they believed from the evidence that, at the maturity of this bill, Brander and M'Kenna had sufficient funds of Phillips and Company in their hands to pay it, and believed Horton and Terry to be accommo-

[Brander and M'Kenna v. Phillips and Company.]

dation drawers and securities only, and knew this at the maturity of this bill, then, in the absence of any instructions from Phillips and Company, in regard to the application of the funds, Brander and M'Kenna were bound to apply them to pay this bill, and could not hold them to meet the payment of a bill drawn on them by Phillips and Company, which had been accepted, but was not then due. And that if, when this bill became due, the funds of Phillips and Company in the hands of the acceptors were sufficient to pay it, the bill was extinguished, and recovery could not be had on it."

To this instruction an exception was taken; and the jury having given a verdict for the defendants, the plaintiffs prosecuted this writ of error.

The case was argued by Mr. Gilpin, for the plaintiffs in error; and by Mr. Crittenden, for the defendants.

Mr. Gilpin, for the plaintiffs in error.

The relation of Brander and M'Kenna with William E. Phillips and Company was strictly that of principals and agents, or, factors. The former had no interest of their own in the cotton forwarded. In performing this agency, the plaintiffs acted under two contracts, the nature and mutual obligations of which were well defined and understood. Their general contract as agents arose, by legal implication, from the course of trade which had existed between them and Phillips and Company for a series of years. They received their cotton, sold it, made payments and advances, and were allowed a certain commission. Their special contract, though relating to the same kind of business, was yet entered into for the particular benefit of Phillips and Company, and on particular terms. The object was to induce advances from Brander and M'Kenna, to the amount of eight thousand dollars, on a personal guaranty of certain individuals, independently of any security by shipments of cotton. To the extent of the probable security which such shipments would afford, they were already willing to make advances. This contract, therefore, could have no object but to secure them, if the whole proceeds of the cotton should not, in the end, cover the whole amount of the advances.

Brander and M'Kenna, thus being agents and factors, possessed, for their security, all the means which the law gives to persons in that relation; to these means they had a right to resort, to obtain payment of all that was due to them, either under the general or the special contract.

Now what, under such circumstances, are an agent's rights? In the first place, he has a lien on the whole property, to cover his whole liability; as well debts that he has actually paid, as debts for which he is bound to provide. On the 1st June, 1835, the cotton on hand was not more subject to be appropriated to the liquidation of a bill of William E. Phillips and Company, which Brander and M'Kenna had then actually paid, than of one not yet due, which they had accepted. No principle is better settled than this, that an agent cannot be required to apply property in his hands to a debt due, if he has also incurred a future liability. The property may be held by him for the latter, as well as for the former. If not, what agent would ever make advances? When a principal sends forward goods to his factor, even though sufficient to meet advances then actually made, they are not more applicable to those advances, than to liabilities then incurred, but not actually due. This has been established by a current of authorities. Huber. Prælect. lib. 20, t. B. sec. 1, 3; Ex parte Deeze, 1 Atkyns, 229; Godin v. London Assurance Company, 1 Burr. 494; Kirkman v. Shawcross, 6 Durnford and East, 16; Walker v. Brick, 6 Durnford and East, 262; Stevens v. Robins, 12 Mass. 180; Jarvis v. Rogers, 15 Mass. 414; Allen v. Maguire, 15 Mass. 490; Jolly v. Blanchard, 1 Wash. C. C. R. 255.

If the property in the hands of the factor was subject to be applied by him to the latest of his liabilities as well as to the earliest, is there a different rule in regard to the proceeds of that property? There is certainly no reason why there should be. If it be right for the factor to have security upon the one, it is equally proper that he should have it upon the other. It is even more proper, because the object of the consignment is not merely to obtain advances, but also to have sales made at any time when the state of the market should render it expedient. If the factor's security were lessened by a sale; if the proceeds derived from the sale were held by him with a lien less effective for his security than the unsold property, sales would never be made till

[Brander and M'Kenna v. Phillips and Company.]

the whole consignment was received. From the evidence in this case it is apparent that Brander and M'Kenna were to sell the cotton "at their discretion;" their rights were not to be altered by the sale; the price they received for the cotton remained in their hands, exactly as if it had been the cotton itself. Their lien on the one did not differ from their lien on the other. Ex parte Dumas, 2 Vesey, sen. 585; Kruger v. Wilcox, 1 Ambler, 252; Foxcroft v. Devonshire, 2 Burr. 936; Drinkwater v. Goodin, 1 Cowp. 251; Kinloch v. Craig, 3 Durnford and East, 122, 786; Atkinson v. Elliott, 7 Durnford and East, 376; Hammonds v. Barclay, 2 East, 227; Mann v. Shiffner, 2 East, 529; Haille v. Smith, 1 Bos. and Pull. 563; Houghton v. Matthews, 3 Bos. and Pull. 492; Cowell v. Simpson, 16 Ves. 280; Hudson v. Granger, 5 Barn. and Ald. 31; Colley v. Merrill, 6 Greenl. 50; Bradford v. Kimberley, 3 Johns. C. C. R. 434; Brown v. M'Graw, 14 Peters, 495.

If then Phillips and Company could not themselves have directed the application of any portion of the cotton forwarded by them, or of its proceeds, to any particular liability which Brander and M'Kenna had incurred as their factors, the law will not certainly direct such an application. It will only do so in cases where a party might himself have done it. Brander and M'Kenna had the right, on the 4th of June, to appropriate the money, which was then in their hands as the proceeds of the cotton, to any liability due or to become due, which they had then incurred; Phillips and Company could not control the exercise of that right; the Court therefore will not do so.

But, suppose that the receipt by Brander and M'Kenna of money derived from the sale of the cotton, in June, is to be considered as a payment to them; still, they never appropriated that payment to the account arising under the special contract, nor were they bound so to appropriate it. The evidence shows that they kept their account of the advances to the amount of eight thousand dollars under the special contract, separate and distinct from their general contract; in this separate account, they never gave a credit for the amount of these sales; it was rendered to Phillips and Company, and such a credit never was claimed by them; finally, one of the partners of that firm admitted, that the credit was properly applied to the general account, and although

L 2

this admission was made after the dissolution of the partnership, yet it is not the less competent evidence of the fact. Wood v. Braddick, 1 Taunt. 104; Lacy v. M'Neille, 4 Dowl. and Ryl. 7. Nor were they bound by law to apply it to the special account; Phillips and Company having directed no application, it remained with Brander and M'Kenna to make it to one or the other, at their own option; and especially might they so make it as to provide for the debt which was least secured. Manning v. Weston, 2 Vern. 606; Goddard v. Cox, 2 Strange, 1194; Bodenham v. Purchas, 2 Barn. and Ald. 45; Peters v. Anderson, 5 Taunt. 601; Bosanquet v. Wray, 6 Taunt. 598; Kirby v. Marlborough, 2 Maule and Selwyn, 22; Simson v. Ingham, 2 Barn. and Cres. 65; Brewer v. Knapp, 1 Pick. 337; Dedham Bank v. Chickering, 4 Pick. 340; Blackstone Bank v. Hill, 10 Pick. 133; Hilton v. Burley, 2 New Hamp. Rep. 196; Cremer v. Higginson, 1 Mason, 324; United States v. Wardwell, 5 Mason, 85; Bainbridge v. Wilcocks, Bald. 538; Mayor of Alexandria v. Patten, 4 Cranch. 320; Field v. Holland, 6 Cranch, 27.

Mr. Crittenden, for the defendants in error.

No agreement was made between the plaintiffs in error and William E. Phillips and Company, that they should make advances on cotton to be shipped to them from Alabama. In 1834, an agreement was made that bills should be drawn to the amount of eight thousand dollars, to be also signed by certain persons, and which Brander and M'Kenna agreed to accept. No particular advance was made on any one of these bills; but as a bill or bills were drawn, cotton was to be shipped by William E. Phillips and Company, to furnish funds for payment. The contract of the drawers was, to furnish funds for the payment, out of the proceeds of cotton, to pay the bill or bills when due. The Circuit Court of Alabama said, that if funds were so provided, they should be applied to pay the bills as they became due; and they denied the right of the plaintiffs in error to hold funds in their hands provided by the drawers of the bills for their payment, for the purpose of paying bills which might become due subsequently; and by leaving the bills due unpaid, subject the endorsers to liability. The jury have found that when the bill on which

[Brander and M'Kenna v. Phillips and Company.]

this suit was brought became due, funds were in the hands of the acceptors sufficient to pay them; and this is conclusive.

The bill on which this suit was instituted, was also signed by Horton and Terry, and was payable in nine months, according to the contract with Williams, the agent of Brander and M'Kenna. The funds in their hands when the bill became due, should have been applied to pay the bill, without specific or express instructions. The obligation to make this application, was implied by the circumstances. On the deposit of the money in the hands of another, particular orders for its application are not required. Implied orders are equivalent. In this case, the application of the funds to pay the first bill becoming due, was ordered by the bill itself.

There is another consideration in this case which the Court will notice. The question here is one in which sureties are interested. The endorsers of the bill are called upon to pay a bill, for the payment of which ample funds were in the hands of the acceptor when it became due; and it is asked to apply those funds to debts becoming due afterwards, with which they had no connection.

Can the drawers of the bill withhold the funds in their hands until the final adjustment of accounts between them and the drawers? This would be most inequitable, and against the express terms of the acceptance. The acceptance on the part of the drawees, was a contract to pay the bill when it should become due: the contract on the part of the drawers, was to furnish funds to enable them to pay it when due. The contract of the latter has been performed; and shall the contract of the former remain unexecuted, to the injury of the other drawers, who had no other connection with the parties but upon the bill?

This court have said, in other cases, that whenever there is an account between parties and rests; the application of funds in the hands of the party to whom money is due, is to be made to the period of the rests in the account. Outstanding items in the account are not to operate to prevent such appropriations. Cited, Bell v. Morrison, 1 Peters, 351.

The question in this case, is only on the instructions of the Court; were they correct, if the facts were so found by the jury?

Mr. Justice M'LEAN delivered the opinion of the Court.

This is a case on error from the Circuit Court for the district of South Alabama.

Brander and M'Kenna, in 1833, 1834, 1835, were commission merchants at New Orleans; and acted as factors and agents of William E. Phillips and Company, of Huntsville, Alabama, in the sale of cotton, and made advances thereon. On all sales they were to receive two and a half per cent. for commission, and the same amount for advances.

In August, 1834, Phillips and Company were indebted to Brander and M'Kenna, in the sum of one thousand three hundred and fifteen dollars and fifty-seven cents, for advances. On the 15th of the same month. John Williams, agent for Brander and M'Kenna, agreed to advance Phillips and Company the sum of eight thousand dollars on bills, to be drawn between the 20th of April, and the 31st of July, 1835, by them, and any two of six persons named; among whom were R. Horton, and N. Terry, two of the defendants in error.

Between the 15th of August, 1834, and the 31st of July, 183., several shipments of cotton were made to the plaintiffs by the defendants, and several bills were drawn by them, some jointly with Horton and Terry, and others without them; all of which were accepted by the plaintiffs.

These bills, including the advances previously made, amounted to the sum of twenty-nine thousand seven hundred and ninety-five dollars and sixty-five cents. The proceeds of the shipments of cotton to meet these advances, amounted to the sum of twenty-two thousand four hundred and sixty dollars and forty-three cents.

The plaintiffs applied the proceeds of the cotton to the liquidation of the bills drawn by Phillips and Company, to the exclusion of those drawn by them jointly with Horton and Terry; and as the acceptances exceeded the proceeds of the cotton, this action was commenced on a bill due 4th June, 1835, for three thousand dollars drawn by the defendants.

On the trial, the Court instructed the jury that, if they believed from the evidence that, at the maturity of this bill, Brander and M'Kenna had sufficient funds of Phillips and Company in their hands to pay it, and believed Horton and Terry to be accommo-

dation drawers and securities only, and knew this at the maturity of this bill; then, in the absence of any instructions from Phillips and Company, in regard to the application of the funds, Brander and M'Kenna were bound to apply them to pay this bill, and could not hold them to meet the payment of the bill drawn on them by Phillips and Company, which had been accepted, but was not then due. And that if, when this bill became due, the funds of Phillips and Company, in the hands of the acceptors, were sufficient to pay it; the bill was extinguished, and recovery could not be had on it.

To this instruction an exception was taken, and the plaintiffs in error contend, that they had a right to hold the cotton and its proceeds to meet all outstanding liabilities, which they had incurred on account of Phillips and Company; and that they had a right so to marshal the securities, in the absence of any express agreement on the subject, as to save themselves from loss.

Where a factor makes advances, or incurs liabilities on a consignment of goods, if there be no special agreement, he may sell the property in the exercise of a sound discretion, according to general usage, and reimburse himself out of the proceeds of the sale; and the consignor has no right to interfere. The lien of a factor for advances and liabilities incurred, extends not only to the property consigned, but, when sold, to the proceeds of the sale in the hands of the vendee, and the securities therefor in the hands of the factor. Drinkwater v. Goodwin, Cowp. 251; Haughton v. Matthews, 3 Bos. & Pull. 489; Brown v. M'Gran, 14 Peters, 495; Story on Agency, 380.

But the case under consideration does not turn upon this principle. The liabilities of the plaintiffs exceeded the proceeds of the property consigned: and the question to be answered is, whether they can claim a reimbursement from Horton and Terry, who were bound jointly with Phillips and Company, in certain bills amounting to eight thousand dollars. Other bills to a much larger amount, drawn by Phillips and Company, without security, were accepted by the plaintiffs, several of which were not due, when the bill in controversy became payable: and the instruction of the Circuit Court to the jury was, if at that time the plaintiffs had in their hands funds of Phillips and Company, of a sufficient amount to pay this bill, and they knew that Horton

and Terry were accommodation drawers, they were bound to pay it.

When the plaintiffs accepted this and the other bills, were they not aware of their respective amounts and the times they became due? And were they not bound to take up the bills at maturity? Of this there can be no doubt. The bills drawn subsequently to the one under consideration, amounted to fifteen thousand dollars, all of which were accepted by the plaintiffs. Were these acceptances made, to any extent, on the credit of Horton and Terry? This has not been contended. On what ground then can this action be sustained? The application of payments by the creditor, where no direction is given by the debtor, has no relation to the present case.

Had the bills become payable at the same time, on acceptances made on the same day, the plaintiffs might have insisted on applying the funds in their hands to the payment of the notes without securities. But this would have been a very different case from the one now before us. After having accepted the bill under consideration, payable at a time stated, the plaintiffs accepted other bills, payable at a more remote period. Now, the contract by the acceptors was, that they would pay these bills as they respectively became due. And this they were bound to do, so long as the funds of the consignors in their hands remained unexhausted. A bill became extinguished so soon as it was paid by the plaintiffs, with the funds of Phillips and Company. And this principle applies as strongly to those bills signed by the accommodation drawers, as to others.

Could the plaintiffs lay a foundation for a recovery against Phillips and Company, by showing payment of a bill drawn by them, out of their own funds? This would not be pretended. And yet this is the principle contended for in the present case. The liability of the accommodation drawers was as completely discharged, on the payment of the bill in question, as that of the principals.

The relation of factors which the plaintiffs bore to Phillips and Company, gave them no power to vary their acceptances. The cotton consigned was to meet the payments of the bills as they became due. This was known to Horton and Terry; and it may well be supposed that their liability was incurred in virtue of this

arrangement.  But the plaintiffs, by appropriating the proceeds of the cotton to the payment of future liabilities, have violated their contract, endeavoured to defeat the just reliance of the sureties, and charge them with the payment of the bills which they guarantied.  This the plaintiffs cannot do.  It would be a great hardship, if not a fraud on the sureties.  No lien can be regarded or enforced under such circumstances.  The lien of a factor depends upon legal principles, founded on equitable considerations, and can be held valid on no other grounds.

We think that the instruction of the Circuit Court was correct; and the judgment is, therefore, affirmed.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States, for the southern district of Alabama, and was argued by counsel.  On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, affirmed, with costs.